UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ALEXIS GOODING

                                            Plaintiff,    **COMPLAINT AND JURY DEMAND**

           -against-

THE CITY OF NEW YORK, POLICE OFFICER KYLE CREVATAS, JOHN DOES #1-4,

                                            Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of her rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from a December 6, 2018 incident, in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to false arrest.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within, and the events occurred within, the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff Alexis Gooding is a resident of the State of New Jersey.

7. The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

8. Police Officer Kyle Crevatas and John Does #1-4 were at all times here relevant, police officers of the NYPD, and as such were acting in the capacity of agent, servant and employee of the City of New York. On information and belief, defendants were personally involved in the illegal arrest of plaintiff or failed to intervene in the actions of their fellow officers. Defendants Crevatas and John Does #1-4 are sued in their individual capacities.

9. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

10. On December 5, 2018 plaintiff was released from Beth Israel Hospital after being hospitalized for several days with pneumonia. Unable to return to her home in New Jersey that night, she decided to stay with a friend who lived at 749 FDR Dr. in Manhattan.

11. At approximately 4AM the next morning, plaintiff was asleep in one bedroom with her

2

friend. Her friend's mother, who was also the owner of the apartment, was asleep in another bedroom. The police entered the home and the bedroom where plaintiff was asleep. The defendants pointed their firearms at her and yelled "Get up, Get up!". Plaintiff was grabbed by the arm and pulled in to the living room area of the apartment.

12. The owner of the apartment repeatedly told the officers that plaintiff did not live there. Plaintiff showed the officers her hospital band that was still around her wrist. The defendant officers also searched plaintiff's bag, which was in the bedroom where she had been sleeping, and confirmed that her driver's license reflected a NJ address.

13. The officers searched the entire apartment with the assistance of dogs. No contraband was found in the common areas of the apartment, in the bedroom where plaintiff had been sleeping or inside her one small bag. No contraband was found in plaintiff's vicinity.

14. Despite having no cause to believe that plaintiff had committed a crime, she was handcuffed, forced to dress and placed in the back of a police van. She was taken to the 5th precinct and placed in a cell. She was fingerprinted and photographed. She was taken by officers three separate times for questioning.

15. Approximately 14 hours after her arrest, plaintiff was released from the precinct. By then, she had missed two doses of her pneumonia medication and was feeling extremely weak and ill.

16. Defendants lacked probable cause or reasonable suspicion to believe plaintiff had been involved in any illegal activity.

17. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## **DAMAGES**

18. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

    b. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    c. Physical pain and discomfort;

    d. Loss of liberty;

    e. Economic loss.

## **FIRST CAUSE OF ACTION**
(42 U.S.C. § 1983 – as to Individual Defendants)

19. The above paragraphs are here incorporated by reference.

20. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to plaintiff under 42 USC § 1983.

21. Defendants falsely arrested plaintiff without probable cause. By doing so, these defendants deprived her of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

22. Moreover, each of the individually named defendants failed to intervene in each other's obviously illegal actions.

23. Plaintiff has been damaged as a result of defendants' wrongful acts.

**WHEREFORE**, plaintiff demands judgments against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Feb 24, 2020
         Brooklyn, New York

Respectfully yours,

*/s/ Nicole Bellina/*

By: Nicole Bellina, Esq.
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
300 Cadman Plz. West Fl.12
Brooklyn, NY  11201
(718) 852-3710
(718) 852-3586
NBellina@stollglickman.com

TO:   City of New York
      Corporation Counsel Office
      100 Church Street
      New York, NY  10007

      Police Officer Kyle Crevatas Shield #95
      Narcotics Brooklyn Manhattan South
      Pier 36 at Clinton St. South
      New York, NY 10002